JUSTICE NELSON
dissents and concurs.
¶41 I concur with the Court’s Opinion as to Issue 2.1 dissent from our Opinion as to Issue 1.
¶42 I cannot agree that Thaut does not have standing to challenge the constitutionality of the amendments enacted by the Legislature under HB 220. The amendments referred to in our Opinion were specifically made retroactive by the Legislature “to offenders who have an unpaid restitution obligation on [the effective date of this act]”-the effective date being October 1, 2003. Accordingly, the effect of these amendments is not speculative as the Court opines. Rather, Thaut has and is suffering a present or threatened injury to both his property interests and to his civil rights. He is now and will be for years in the future burdened with a restitution obligation that may or may not be lawful, depending upon whether the amendments under HB 220 are constitutional.
¶43 I conclude that Thaut meets all of the tests articulated by the Court in ¶ 15, under Helena Parents v. Lewis & Clark Cty (1996), 277 *470 Mont. 367, 371, 922 P.2d 1140, 1142-43. Moreover, in Gryczan v. State (1997), 283 Mont. 433, 442-46, 942 P.2d 112, 118-19, we applied the Helena Parents test. Importantly, we also held that a person need not suffer the actual consequences of the enforcement of a criminal statute-in Gryczan, arrest and prosecution-in order to challenge the statute’s constitutionality. The fear of prosecution is sufficient, unless there are circumstances that make such fears “imaginary” or “wholly speculative.” Gryczan, 283 Mont. at 444-45, 942 P.2d at 119 (citing, among other cases, Babbitt v. United Farm Workers (1979), 442 U.S. 289, 302, 99 S.Ct. 2301, 2310-11, 60 L.Ed.2d 895).
¶44 In the case at bar, there is nothing imaginary or wholly speculative about the effects of the amendments enacted by HB 220 on Thaut. He is presently and will be for years burdened with a restitution obligation that may or may not be lawful depending on whether the HB 220 amendments are constitutional. If he fails to meet the restitution obligations of his revised sentence, any parole or probation which he is granted will very likely be revoked. This is not an imaginary or wholly speculative consequence; it is a reality. And Thaut’s concerns about the threat of that consequence entitle him to challenge the constitutionality of the statutes that may result in that action being taken. Thaut’s concerns are no more imaginary or wholly speculative than were the plaintiffs’ fears of arrest and prosecution in Gryczan.
¶45 The Court tries to avoid the standing rules set out in Gryczan by claiming that Thaut can challenge his restitution obligations at some point in the future under §§ 46-23-1025(3), MCA, and 46-18-203(6), MCA. While Thaut does have that right, his standing to also challenge the statutes now is not affected. Indeed, we rejected the Court’s position in Gryczan where we clearly adopted the rule that the individual has present standing to challenge a statute where the individual is within the class of persons whom the statute is designed to impact, Lee v. State (1981), 195 Mont. 1, 635 P.2d 1282, cert. denied, 456 U.S. 1006, 102 S.Ct. 2295, 73 L.Ed.2d 1300 (1982); where the individual is directly affected by the statute, Epperson v. Arkansas (1968), 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228; where the individual is one of the persons against whom the statute was enacted to operate, Doe v. Bolton (1973), 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201; and where the statute imposes criminal penalties, even if those had never been and might never be applied, Babbitt, 442 U.S. 289, 99 S.Ct. 2301. Moreover, the Court continues to ignore the fact that Thaut is presently charged with a restitution obligation that may or may not be *471 constitutional.
¶46 Under the authorities cited by the Court and above, I conclude that Thaut has standing to raise the issue of the constitutionality of the HB 220 amendments and, accordingly, I would address that issue. I dissent from our failure to do so.
JUSTICE LEAPHART joins in the dissent and concurrence of JUSTICE NELSON.